IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 09-00083-01-CR-W-FJG |
| ROBERT HENDERSON, | ) ) ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. In the Forfeiture Allegation of the Indictment in this case, the United States sought forfeiture of the following:

1. Canon NTSC ZR45MC Digital Video Camcorder;

2. Gateway laptop computer, model MT6711, serial number: T3C76L1007523;

3. Dell laptop computer, model TS30H, serial number: 8218946BY41103A;

4. Gateway computer, model P5-120, serial number: 0006492134;

5. Compaq computer, serial number: USW31604MZ;

6. HP Pavilion 500 computer, serial number: KR15103842;

7. Gateway computer, model P5-133;

8. Approximately 1,240 counterfeit DVDs;

9. Numerous empty DVD cases; and

10. Numerous blank DVDs

pursuant to 18 U.S.C. § 2323(b) on the basis that the property constitutes all infringing copies and phonorecords and all implements, devices or equipment used in the manufacture of such infringing copies or phonorecords, that is, all copies or phonorecords manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with the intent to use in violation of Section 506(a), and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced, and all electronic, mechanical, and other devices for manufacturing, reproducing, and assembling such copies or phonorecords and any property, real or personal, which constitutes or is derived from proceeds traceable to the alleged violation.

On October 7, 2009, the defendant Robert Henderson entered into a plea agreement with the United States in which he agreed to plead guilty to Count Two of the Indictment, charging violations of 17 U.S.C. § 506 and 18 U.S.C. § 2319, and to forfeit to the United States the property identified in the Forfeiture Allegation.

The Court has determined, based upon the evidence set forth in the plea agreement, that the United States has established the requisite nexus between the property described herein and in the Forfeiture Allegation of the Indictment and the offense to which the defendant has pleaded guilty.

By virtue of the plea agreement, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 18 U.S.C. § 2323(b).

Accordingly, it is hereby ORDERED:

1. Based upon the plea agreement and the Forfeiture Allegation of the Indictment, the following property:

1. Canon NTSC ZR45MC Digital Video Camcorder;

2. Gateway laptop computer, model MT6711, serial number: T3C76L1007523;

3. Dell laptop computer, model TS30H, serial number: 8218946BY41103A;

4. Gateway computer, model P5-120, serial number: 0006492134;

5. Compaq computer, serial number: USW31604MZ;

6. HP Pavilion 500 computer, serial number: KR15103842;

7. Gateway computer, model P5-133;

8. Approximately 1,240 counterfeit DVDs;

9. Numerous empty DVD cases; and

10. Numerous blank DVDs

is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. Upon entry of this Order, the United States Attorney or his designee is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n), the United States shall publish for at least 30 consecutive days on the government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant Robert Henderson, having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on

Matthew P. Wolesky, Assistant United States Attorney), within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing (or before if the defendant consents) and shall be made part of the sentence and included in the judgment.

5. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

Date: 03/30/10　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge